UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert D. Brown,<br><br>    Petitioner,<br>vs.<br><br>Warden McFadden,<br><br>    Respondent. | Civil Action No.: 4:15-1478-BHH<br><br>**Opinion and Order** |

  Petitioner, Robert D. Brown, ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Rogers recommends that Respondent's Motion for Summary Judgment be granted and Petitioner's § 2254 petition be dismissed. (ECF No. 45.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

  Petitioner filed this action against Respondent alleging, *inter alia,* ineffective assistance of counsel. On July 20, 2016, the Magistrate Judge issued a Report; and on August 17, 2016, Petitioner filed his Objections. (ECF No. 51.) Having carefully reviewed the record, the Court finds that the Magistrate Judge has accurately and adequately summarized the disputed and undisputed facts relevant to this action. The

1

Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing these pleadings, the Court is mindful of Petitioner's *pro se* status. When dealing with a *pro se* litigant, the Court is charged with liberal construction of the pleadings. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim, or that the

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

2

Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## DISCUSSION

The Magistrate Judge found that Grounds One, Five, and Seven are procedurally barred and the Court agrees. In his incredibly thorough thirty-eight page Report, the Magistrate Judge found that Petitioner had failed to show cause for his procedural default because he could not show that the claims were substantial and had not demonstrated prejudice. (ECF No. 45 at 13–20, 28–36.) *See Martinez v. Ryan*, 132 S.Ct. 1309, 1318–21 (2012); *Coleman v. Thompson,* 501 U.S. 722, 749–50 (1991); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court agrees with the Magistrate Judge's thoughtful and comprehensive discussion of these claims and, therefore, is unable to review Grounds One, Five, and Seven under § 2254.

The Court further agrees with the Magistrate Judge's finding that Grounds Two, Three, Four, and Six fail on their merits. These claims allege ineffective assistance of trial counsel.[2] (ECF No. 1 at 6–8.) The Magistrate Judge thoroughly discussed the state court's treatment of these claims and correctly concluded that the ruling of the state court was reasonable and that Petitioner failed to carry his burden of establishing counsel was ineffective as required by *Strickland* and its progeny. (ECF No. 45 at 20–38.)

Petitioner's brief objections consist of nothing more than arguments that the Magistrate Judge has already considered and rejected. (ECF No. 51 at 1–4.) Thus, the

---

[2] The Court agrees with the Magistrate Judge that, to the extent Ground Two alleges that the trial court erred in admitting certain evidence, such a claim is not cognizable in habeas review. *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960) ("Normally, the admissibility of evidence, the sufficiency of evidence, and instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues.").

Court is tasked only with review of the Magistrate Judge's conclusions for clear error. Because the Court agrees with the cogent analysis by the Magistrate Judge, it need not extensively discuss those same issues for a second time here. Therefore, the Court will overrule Petitioner's objections.

## **CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit and the Magistrate Judge's conclusions evince no clear error. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 33) is GRANTED and Petitioner's § 2254 petition is DISMISSED *with prejudice.*

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by this Court is likewise debatable. See *Miller-El v. Cockrell,* 537 U.S, 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 3d 676, 683 (4th Cir. 2011). In this case, the

4

legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 18, 2016
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.